# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| RICARDO CEBALLOS PENA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| MOBILE CONSULTING, LLC | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANT. | ) | |
| _____ | ) | |

## COMPLAINT

NOW COMES Plaintiff, Ricardo Ceballos Pena, and hereby file this complaint pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendant's violation of the FLSA.  Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiff states as follows:

## I.    JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws

of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Mobile Consulting, LLC (hereinafter "Mobile" or "Company") is a domestic for-profit corporation existing under the laws of the State of Georgia with its principal place of business located 101 Marietta St. NW Suite 1050 Atlanta, Georgia 30303.

4.

Service of process for Mobile can be effectuated through its Registered Agent, First Corporate Solutions, 900 Old Roswell Lakes, Suite 310, Roswell, Georgia, 30076.

5.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.    PARTIES

6.

During times relevant, Plaintiff Ricardo Ceballos Pena ("Plaintiff") was an adult resident citizen of Georgia.

7.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

8.

At all times relevant, Defendant employed the Plaintiff to perform labor for its benefit and made employment and compensation related decisions regarding the Plaintiff in this District.

9.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendant.

10.

Defendant, Mobile, lists its principal address as 101 Marietta St. NW Suite 1050 Atlanta, Georgia 30303.

11.

Defendant Mobile is a for profit company which provides managed smartphone application development services for its Client. Defendant operates within the State of Georgia.

12.

Defendant is engaged in interstate commerce for purposes of the FLSA.

13.

At all times material to this action, the Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203 of the FLSA and had an annual gross volume of sales which exceeded $500,000.

14.

Defendant directed Plaintiff to individually engage in interstate commerce.

15.

Plaintiff, as part of his job duties, regularly engaged in interstate commerce.

16.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

### 17.

During times relevant, Plaintiff was an adult resident of the State of Georgia. Plaintiff was employed by Defendant from in or around July 27, 2015 through July 2017.

### 18.

The Defendant classified Plaintiff as a nonexempt full-time employee, electing to pay him on an hourly basis at the rate of $19.76 per hour.

### 19.

The terms of Plaintiff's employment were ultimately reflected in an Employment Agreement ("Agreement") which was executed on July 27, 2015.

### 20.

The terms of the Agreement were very clear; Plaintiff would be compensated an hourly rate of $19.76.  The Agreement did not provide for any reduction in the hourly rate.

### 21.

While the Defendant took great pains to draft in the Agreement that Plaintiff was a skilled worker, whose primary duty is working in Information Technology set

forth in 29 U.S.C. § 213(a)(17), the Company failed to pay the required minimum of $27.63 as required by the Department of Labor's regulations to comply with such an exemption.

22.

As an Analyst, Plaintiff performed project-based work for the Defendant's Clients at the Client's respective locations.

23.

After Plaintiff executed his contract, he did not start working at a client's site until January, 2016.

24.

From July, 2015 to December 2015, Plaintiff underwent the Defendant's training, was to be available for interview with the Defendant's Clients, appeared for interviews.

5.

From July, 2015 to December, 2015, the Defendant paid Plaintiff only minimum wage, $7.25 per hour.

26.

Plaintiff began his first project in or around January 2016 and the project concluded in July, 2016.

27.

From January 2016 to July 2016, the Company paid Plaintiff his regular hourly rate $19.76; however, it did not compensate him fully for all hours worked.

28.

During the time that Plaintiff was on this project, Plaintiff worked eleven (11) hour per day, but he was paid for only eight (8) hours per day.

29.

Additionally, Plaintiff also worked eight (8) hour per day on both Saturday and Sunday.

30.

When Plaintiff asked about being compensated for overtime hours, the Company stated that its customer did not pay overtime.

31.

As a result of not the Company not being compensated for overtime hours of its employees, the Company advised Plaintiff not to submit any overtime hours for compensation as it would likewise not pay them.

32.

From August 2016 to October 2016, Plaintiff had to continue to wait to be reassigned to another project.

33.

From August 2016 to October 2016, the Defendant failed to pay Plaintiff his full compensation, paying him only minimum wage, despite being available for and interviewing for projects with the Defendant's customers.

34.

From November 2016 to July 2017, Plaintiff was assigned to another project and received his contractually agreed upon hourly rate.

35.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

36.

The Defendant set the compensation policies for all employees, which governed the manner in which employees were compensated, including timekeeping policies, the method of overtime compensation, *etc*.

37.

Plaintiff routinely worked in excess of forty (40) hours per week on a weekly basis. For each week worked during times relevant to this Complaint, Plaintiff has worked substantial hours over forty (40) that were not compensated.

38.

The Defendant knowingly and willfully failed to compensate Plaintiff by failing fully compensate him for his straight time wages as well as his overtime wages for hours worked in excess of forty (40) hours.

39.

As an hourly nonexempt employee, Plaintiff was entitled to full pay for each hour worked.

40.

During the tenure of his employment, Plaintiff at times routinely worked in excess of forty (40) hours per week.  For each week worked during times relevant to this Complaint, Plaintiff has worked substantial hours over forty (40) that were not compensated.

39.

The Defendant engaged in a practice of improperly compensating Plaintiff for all hours worked and refusing to compensate him for those hours worked in excess of forty (40).

40.

Defendant further failed to compensate Plaintiff it elected to pay him minimum wage rather than the rate set forth in his Agreement.

41.

Defendant further failed to compensate Plaintiff when he was required to work on his off days of Saturday and Sunday.

42.

Such actions constitute a repeated and systematical practice of "time shaving" to ensure that Plaintiff's hours worked did not exceed forty (40) hours in a workweek, and thereby resulted in a failure to pay straight time and overtime wages.

43.

The Defendant has willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §206, specifically, by failing to pay Plaintiff for all hours worked.

44.

The Defendant has failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

45.

The Defendant has created a false record of the true hours worked by manipulating the time records and instructing Plaintiff not to submit all hours worked for compensation.

46.

Upon information and belief, the Defendant has negligently, intentionally and repeatedly manipulated its records to reflect Plaintiff was working less hours then actually worked.

47.

The Defendant has failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

48.

The Defendant has knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

49.

This action is brought to recover unpaid compensation, in the form of wages, for an hourly employee, who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it and/or without being paid the premium for hours worked in excess of forty (40) per week.

50.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA, resulting in substantial unpaid regular wages and overtime wages.

51.

Plaintiff is entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment and post judgment interest.

52.

The Defendant has not made a good faith effort to comply with the FLSA.

53.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

54.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

55.

The Defendant knowingly and willfully failed to compensate Plaintiff by failing fully compensate him for his straight time wages as well as his overtime wages for hours worked in excess of forty (40) hours.

56.

The Defendant has willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for the straight time rate and the premium overtime rate for all hours suffered, including those hours suffered over forty (40) hours.

57.

The Defendant has willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked.

58.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages and have also improperly deducted sums from employees' wages.

59.

For at least three (3) years, Defendants has been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiff the amount of pay as required by law.

60.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered

damages by failing to receive compensation due in accordance with the FLSA.

61.

Plaintiff is entitled to the amount of unpaid wages and are also entitled to

recover an additional equal amount as liquidated damages pursuant to the FLSA and

prejudgment interest.

## IV.    COUNT ONE: - FAILURE TO PAY STRAIGHT AND OVERTIME WAGES

62.

Plaintiff incorporates by reference paragraphs 1 – 61 as if fully set forth

herein.

63.

Plaintiff, as a non-exempt employee of Defendant, was entitled to be paid

straight time for all hours worked and overtime for each hour worked in excess of

forty (40) hours per week.

64.

The Defendant has willfully failed to compensate Plaintiff for all hours

suffered including both the straight time hours and overtime hours worked during

his employment.

65.

Defendant, by such failure, has willfully violated the wage and overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.    Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

**V.    COUNT TWO: TIME SHAVING**

66.

Plaintiff incorporates by reference paragraphs 1 – 65 as if fully set forth herein.

67.

The Defendant has willfully failed to compensate Plaintiff for all time worked.

68.

The Defendant has failed to keep adequate records of all time worked by Plaintiff, has instructed Plaintiff not to submit all hours worked and has manipulated the hours worked.

69.

The Defendant has willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.   Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.   All reasonable costs and attorneys' fees pursuant to the FLSA.

## VI. COUNT THREE: CLAIMS FOR BREACH OF CONTRACT

70.

Plaintiff incorporate by reference paragraphs 1 – 69 as if full set forth herein.

71.

Defendant promised to pay and were contractually obligated to pay, Plaintiff wages at an agreed upon rate of $19.76 per hour.

72.

Plaintiff complied with all conditions precedent and performed his obligations under the contract, Defendant breached the contract as described herein and failed to pay the agreed upon rate per hour due to Plaintiff.

73.

As a result, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.      Damages for Breach of Contract;

B.      Prejudgment interest as allowed by law;

C.      Reasonable attorneys' fees and expenses of litigation; and

D.      Such other legal relief including to which he may be entitled.

*(Signature page follows)*

Respectfully submitted, this 12th day of October, 2018.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

*/s/ Christopher D. Vaughn*_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

315 West Ponce de Leon Avenue
Suite 380
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTH DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RICARDO CEBALLOS PENA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| MOBILE CONSULTING,  LLC | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANT. | ) | |
| _____ | ) | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted this 12th day of October, 2018.

**THE VAUGHN LAW FIRM, LLC**

*/s/ Christopher D. Vaughn*
Christopher D. Vaughn
Georgia Bar No. 726226